## Creavy, Admx., v. Ritter

*Walsh & Fadden,* for plaintiff.
*James W. Scanlon,* for defendant.

LEACH, P. J., February 26, 1945.—Walter Creavy, deceased, came to his death in an automobile collision with a car driven by Irving F. Ritter, defendant, during an air-raid blackout.

When the suit came on for trial plaintiff did not press the case against Ritter, who had a counterclaim against plaintiff, and the case proceeded to trial as the case of Ritter, counterclaimant, against plaintiff as defendant.

On the rule for judgment n. o. v., the facts and inferences must be taken in favor of Ritter, who obtained a verdict in the amount of $2,514.74. Under the above statement of the law the facts are as follows: Ritter was asked to act as warden in an air raid. The blackout was held in a rural community. In such a situation many of the inhabitants cannot hear any siren and the only notice they have of the air raid is when the warden telephones or comes around and asks to have the lights put out. The only way they know the raid is over is when automobiles begin to move along the roads.

Ritter was proceeding along the road as air raid warden, going a little distance with his lights turned on and then proceeding a little distance with the light

turned off. Creavy had notice of the air raid and was definitely stopped and ordered off the road to the side by a warden at Cobb's Corners. He went to the side of the road, turned his lights off and while the warden was stopping another automobile Creavy proceeded westwardly towards Scranton without lights. About a mile from Cobb's Corners he was driving on the left-hand side of the road and struck Ritter's car and was killed.

Counsel for Creavy strenuously contended that Ritter as air-raid warden had permission to proceed with lights on low beam only. Under the law of Pennsylvania he was guilty of negligence if he proceeded without his lights on. Therefore, Ritter cannot recover.

As before stated, there was a blackout order for this part of the State which superseded the ordinary law of the Commonwealth. Interpreting the law regarding the situation we are guided by the Statutory Construction Act of May 28, 1937, P. L. 1019, sec. 52, as follows (p. 1024):

"Section 52. Presumptions in Ascertaining Legislative Intent.—In ascertaining the intention of the Legislature in the enactment of a law, the courts may be guided by the following presumptions among others:

"(1) That the Legislature does not intend a result that is absurd, impossible of execution or unreasonable;

"(2) That the Legislature intends the entire statute to be effective and certain;

"(3) That the Legislature does not intend to violate the Constitution of the United States or of this Commonwealth."

If the blackout rules are not to be construed in a manner that would make the result ridiculous the facts heretofore set forth must be borne in mind. In the greater part of the rural community no bells or sirens can be heard. The radio or other signal might notify the people that a raid was on. As soon as they saw anyone driving with lights on low beam they would suppose

that the raid was over and they had the right to light the lights in their homes.

A warden proceeding on low beam to enforce the blackout would be advertisement to the community that the raid was over. If he proceeded by snapping his lights on and off he would be in no danger from any person who did not know of the raid and was going with his lights on. The only danger would be from a foolhardy lawbreaker driving without lights, a thing that no one would suspect.

Under these circumstances the only error made by the court was in permitting the jury to pass upon the question whether the acting warden, Ritter, was guilty of negligence in proceeding with the lights snapped on and off. However, the jury adopted the proposition that it was not negligence and gave a verdict in favor of Ritter.

The above interpretation of the law disposes of the rule for judgment n. o. v.

Complaint is made that the court charged the jury wrongfully by stating that the burden of proof was not upon plaintiff to prove that he was free from negligence. Having already charged them the burden of proof was upon him to make out his case by the weight and preponderance of the evidence and without showing any negligence on his part, it was necessary to charge the jury that the burden of proof was not upon him to show that he was free from negligence.

The charge that Elizabeth Creavy, administratrix of the estate of her husband, was an interested party was correct. There was no interest added in the case at bar. The objection to interest is in the case of Walker v. Creavy tried herewith.

Now, February 26, 1945, rules for new trial and judgment n. o. v. are discharged.